United States District Court
Southern District of Texas
**ENTERED**
August 12, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| VITA EQUIPOISE EQUITY PARTNERS, LLC, § § § | |
| Plaintiff. § § | |
| V. § | CIVIL ACTION NO. 3:21-cv-00358 |
| § § | |
| TIG ROMSPEN US MASTER MORTGAGE LP, § § § § | |
| Defendant. § | |

## OPINION AND ORDER

What I must do in this case pains me. I take no pleasure remanding this matter to state court. But I have no choice.

"Federal courts are courts of limited jurisdiction," possessing "only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). I am required to "presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).

The Fifth Circuit has long held that federal courts "have the responsibility to consider the question of subject matter jurisdiction *sua sponte* if it is not raised by the parties and to dismiss any action if such jurisdiction is lacking." *Giannakos v. M/V Bravo Trader*, 762 F.2d 1295, 1297 (5th Cir. 1985). Moreover, 28 U.S.C. § 1447(c), applicable to actions removed from state court, provides: "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." Parties "may neither consent to nor waive federal subject matter jurisdiction." *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850 (5th Cir. 1999).

Plaintiff Vita Equipoise Equity Partners, LLC ("Vita") filed this lien priority lawsuit several years ago in Texas state court. Defendant TIG Romspen US Master Mortgage LP ("TIG") timely removed the matter to federal court on the basis of diversity jurisdiction. Once this case landed in the federal forum, TIG filed a third-party complaint, bringing claims against Secured Real Estate Income Fund I, LLC ("Secured"). I then issued a Docket Control Order, and the parties began to conduct discovery. On several occasions, I granted the parties' joint requests to amend the Docket Control Order.

In December 2023, TIG filed a Motion to Enforce Settlement Agreement. In that motion, TIG claimed that the parties had resolved this litigation through a series of email communications between counsel. Vita opposed the motion. Before issuing a ruling, my staff conducted a jurisdiction check and noted that diversity jurisdiction was not apparent from the record.[1] Because I could not determine the citizenship of each party from the record, I ordered the parties to file revised Rule 7.1 disclosure statements identifying the citizenship of every individual or entity whose citizenship is attributable to that party. *See* Dkt. 41.

Vita and Secured are limited liability companies; TIG is a limited partnership. The citizenship of a limited liability entity is determined by the citizenship of its members. *See Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). When members of a limited liability entity are themselves entities or associations, citizenship must be traced through however many layers

---

[1] In May 2023, I dismissed a case that had "been on file for roughly two-and-a-half years" for lack of subject matter jurisdiction due to incomplete diversity of citizenship between the parties. *Holiday Inn Club Vacations Inc. v. T & G Corp.*, No. 3:20-cv-00318, 2023 WL 3292897, at *1 (S.D. Tex. May 5, 2023). Since that time, my staff and I check for subject matter jurisdiction when a new civil action is filed, and we endeavor to establish subject matter jurisdiction well in advance of the initial scheduling conference. This process saves parties' time and the court's resources. *See, e.g.*, Agreed Motion to Remand, *Energy Transfer Mont Belvieu NGLS LP v. Gray Ins. Co.*, 3:24-cv-159 (S.D. Tex. June 11, 2024), ECF No. 5. Although we have also tried to check older matters for subject matter jurisdiction, sometimes a case slips through the cracks and we catch jurisdictional issues in such matters only when substantive motions—like the instant Motion to Enforce Settlement Agreement—are filed.

of members there are until arriving at entities that are not limited liability entities and identifying their citizenship. *See Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 397–98 (5th Cir. 2009). The citizenship of a natural person is determined by the state in which he is domiciled. *See Hollinger v. Home State Mut. Ins. Co.*, 654 F.3d 564, 571 (5th Cir. 2011). A corporation is "deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

After asking for (and receiving) several extensions to obtain the necessary information, the parties submitted disclosure statements, which reveal the following about Vita and TIG:[2]

- Vita is a limited liability company with one member. That individual, Wenshin Chiu, "is a Texas resident and domiciled in Texas." Dkt. 42 at 1. Vita is therefore considered a Texas citizen for diversity purposes.
- TIG is a limited partnership. TIG's general partner is Romspen US Master Mortgage GP LLC, whose sole member is TIG Romspen US Mortgage Intermediate LP ("LP 1"). LP 1 is also TIG's sole limited partner. That means that the citizenship of TIG is determined by the citizenship of LP 1. The general partner of LP 1 is Romspen US Mortgage GP Inc., a Canadian corporation ("Corp. 1"). Accordingly, Corp. 1 is at least a citizen of Canada. TIG does not, however, identify Corp. 1's principal place of business. Thus, Corp. 1 may be a citizen of another country or state in addition to Canada. LP 1 has five limited partners, one of which is TIG Romspen US Mortgage LP ("LP 2"). TIG explains that:

---

[2] The citizenship of Secured, a third-party defendant, is irrelevant for the purposes of determining whether subject matter jurisdiction is present in this case. That is because "complete diversity need not exist between a third-party claimant and a third-party defendant, so long as the district court has subject-matter jurisdiction over the underlying suit." *Velazquez v. De La Rose Martinez*, No. 21-40282, 2021 WL 6140246, at *1 (5th Cir. Dec. 29, 2021); *see also Molett v. Penrod Drilling Co.*, 872 F.2d 1221, 1227 (5th Cir. 1989) ("Diversity jurisdiction may be approached from two angles: by analyzing diversity in plaintiffs' original claims or in the claims asserted by [a defendant] against third-party defendants . . . . Diversity at either level will suffice to maintain federal jurisdiction."); *Fawvor v. Texaco, Inc.*, 546 F.2d 636, 638 (5th Cir. 1977) ("Rule 14 of the Federal Rules of Civil Procedure governs third-party practice. Under this rule, where there is diversity between the plaintiff and the defendant, the defendant may implead a third-party of the same citizenship as the plaintiff.").

> The limited partners of LP 2 are individual and entity investors who are residents of Florida, Arizona, Illinois, New Jersey, Canada, the United Kingdom, [and] the Cayman Islands, *along with entity investors the underlying identities of whose ultimate investors are not in the care, custody or control of TIG Romspen or its corporate representatives, and thus their citizenship cannot be fully disclosed at this time.*

Dkt. 49 at 2 (emphasis added).

In plain English, TIG is saying that it is unable to identify its own citizenship. This is highly problematic.

Where jurisdiction is based on diversity, the Fifth Circuit "adhere[s] strictly to the rule that citizenship of the parties must be *distinctly* and *affirmatively* alleged." *Mullins v. Testamerica Inc.*, 300 F. App'x 259, 259 (5th Cir. 2008) (quotation omitted). Inadequate jurisdictional allegations mandate dismissal. *See id.* To satisfy its burden as a removing party to establish a factual basis for the exercise of diversity jurisdiction, TIG "must specifically allege the citizenship of every member of every LLC or partnership involved in a litigation." *Settlement Funding, L.L.C. v. Rapid Settlements, Ltd.*, 851 F.3d 530, 536 (5th Cir. 2017); *see also Wells v. Comercializadora Salazar Rodriguez S de Rl de CV*, No. SA-24-cv-00320, 2024 WL 2194858, at *2 (W.D. Tex. May 15, 2024) ("The removing party fails to satisfy this burden of proving citizenship when the identity of the members and their respective states of citizenship remain unknown."); *PPI Tech. Servs., L.P. v. Liberty Mut. Ins. Co.*, No. C-11-47, 2011 WL 765972, at *1 (S.D. Tex. Feb. 25, 2011) ("For a removing party to properly allege the citizenship of a limited partnership it must identify each of the members and the citizenship of each member.").

I afforded TIG an opportunity to supplement its jurisdictional allegations, which it did. But TIG is still unable to fully identify its members and their citizenships. TIG's failure to identify its own citizenship renders its jurisdictional allegations "facially insufficient to establish the existence of diversity jurisdiction."

*Mullins*, 300 F. App'x at 260 (finding citizenship allegations insufficient where parties failed to provide citizenship of each partner in a limited partnership). Accordingly, remand is required.

In an effort to fix this jurisdictional predicament, TIG has requested to substitute Romspen Mortgage Limited Partnership ("RMLP") as a defendant in place of TIG. *See* Dkt. 50. TIG contends this is proper because it "has assigned its interests in the underlying loans to RMLP," and RMLP is completely diverse from Vita. *Id.* at 3. This creative approach does not work. "The existence of subject matter jurisdiction is determined at the time of removal," not by post-removal events. *In re Bissonnet Invs. LLC*, 320 F.3d 520, 525 (5th Cir. 2003). Thus, the Fifth Circuit has held that a district court cannot "create removal jurisdiction based on diversity by substituting parties." *Salazar v. Allstate Tex. Lloyd's, Inc.*, 455 F.3d 571, 573 (5th Cir. 2006) (stating a district court cannot "appropriately assert removal jurisdiction by dismissing a nondiverse in-state defendant and replacing it with a diverse foreign defendant, where the nondiverse in-state defendant was the only named defendant in the action when the suit was removed").

Although this case has been pending for some time, I cannot escape the inexorable conclusion that TIG—the party that removed this case and invoked this Court's jurisdiction—has failed to demonstrate that there is federal subject matter jurisdiction. Because subject matter jurisdiction is lacking, this case must be remanded to the 239th Judicial District Court of Brazoria County, Texas.

SIGNED this 12th day of August 2024.

_____
ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE